IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| DR. LILIA P. WOJCIK,            § | |
| § | |
| Plaintiff,      § | |
| § | |
| v.                              § | NO. SA-10-CA-335-H |
| § | |
| AMERIPATH SAN ANTONIO 5.01(A)   § | |
| CORPORATION d/b/a AMERIPATH     § | |
| SOUTH TEXAS,                    § | |
| § | |
| Defendant.      § | |

**ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Dr. Lilia P. Wojcik brought this civil action for damages alleging violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.; and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a). On August 30, 2011, the Court granted summary judgment in the Defendant's favor on all claims except those arising under the Equal Pay Act (Docket No. 28). The lone remaining claim was tried before a jury. In answer to special interrogatories, the jury found in favor of the Plaintiff and awarded her $160,000 in damages. After adding liquidated damages (29 U.S.C. § 206(b)), the Court entered judgment for $320,000. Her counsel has moved the Court for the award of attorney's fees and costs. The Defendant does not oppose such an award in toto, but objects to the requested hourly rates, the number of hours billed and the fees paid to

1

Plaintiff's expert witness. Having reviewed Plaintiff's claim for attorney's fees and the documentation in support thereof, the Court finds that Plaintiff's motion should be granted but that the hourly rates, total number of hours and the expert witness fees must be modified.

## Applicable Law and Analysis

The determination of "reasonable" attorneys' fees by the Court involves a two-step procedure. See **Louisiana Power & Light Co. v. Kellstrom**, 50 F.3d 319, 323-24 (5th Cir. 1995). First, the Court must determine the reasonable number of hours expended by counsel on the particular litigation and the reasonable hourly rate charged by lawyers in the community. **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1913); **Louisiana Power & Light**, 50 F.3d at 324. Next, the Court must multiply the reasonable hours by the reasonable hourly rate. **Blum v. Stevenson**, 465 U.S. 886, 888 (1984); **Brantley v. Surles**, 804 F.2d 321, 325 (5th Cir. 1986). The product of this multiplication is the base fee or "lodestar," which the Court then either accepts as is or adjusts upward or downward, depending on the circumstances of the case. **Louisiana Power & Light**, 50 F.3d at 325. Adjustment of the lodestar amount involves assessing a dozen factors announced in **Johnson v. Georgia Highway Express, Inc.**[1] The lodestar may be

---

[1] 488 F.2d 714, 717-19 (5th Cir. 1974). The factors to be considered when setting a reasonable fee are as follows: (1) the

adjusted upward or downward if any of the **Johnson** factors, not included in the reasonable fee analysis, warrant an adjustment. **Watkins v. Fordice**, 7 F.3d 453, 457 (5th Cir. 1993).

In the present case, counsel for the Plaintiff has requested fees for services rendered by five attorneys: Mario A. Barrera, Erica E. Valladares, Judy K. Jetelina, Sandra R. White, and Kristen H. Elizondo. Additionally, they seek fees for the services of three paralegals: Madeline Lutz, Evelyn Oefinger, and Kathy Tower. They request a total of $332,682.50 in attorneys' fees and $27,454.26 in non-taxable costs or expenses. The Defendant asks the Court to reduce this to $167,149.63 in attorneys' fees and $25,022.76 in non-taxable costs.

I. Number of Hours

The Defendant requests that the number of hours billed by the attorneys and paralegals, with the exception of Mr. Barrera and Ms. Jetalina, be reduced by 15% because they employed a method known as "block billing." This is "a time-keeping method by which each lawyer and legal assistant enters the total daily

---

time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

time spent working on a case, rather than itemizing the time expended on specific tasks." **Fralick v. Plumbers & Pipefitters Nat'l Pension Fund**, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011). After this 15% reduction is taken into consideration, the Defendant requests a second reduction of 15% of all hours because the hours were inadequately documented, indicate billing for unnecessary work, and reflect excessive and duplicative activity.

The Court finds that an across-the-board reduction of 15% adequately adjusts for the block billing as well as the other objections voiced by the Defendant. After applying that reduction, the Court finds that the following represents the reasonable number of hours expended by each lawyer and paralegal; the Plaintiff's requested amount is found in brackets:

1. Mr. Barrera [384.1]: 326.49 hours
2. Ms. Valladares [458.3]: 389.55 hours
3. Ms. Jetelina [.2]: .17 hours
4. Ms. White [2.5]: 2.13 hours
5. Ms. Elizondo [12.1]: 10.29 hours
6. Paralegals, generally [180.4]: 153.34 hours

II. Hourly Rates

   a. Attorneys

The Plaintiff requests that Mario Barrera's hourly rate be reduced from $425 (for time before November 2009) and $455 (after November 2009), to $360 per hour. According to a survey

4

published last year in the legal periodical Texas Lawyer, the average hourly rate for equity partners in Texas is $570, but the average hourly rate in San Antonio is lower: $386. Brenda Sapino Jeffreys, **Breaking Free of Hourly Fees**, Texas Lawyer, August 29, 2011, at 17. Defendant's lead attorney, Lawrence D. Smith, who has been practicing for the same number of years as Mr. Barrera, also at a national law firm, billed $345 per hour for his services -- $110 less than Mr. Barrera's highest requested rate. Looking to survey evidence produced by the Defendant and Mr. Smith's hourly rate, the Court finds that $390 per hour is a reasonable rate for Mr. Barrera's services.

Defendant also argues that Sandra White and Kristen Elizondo's rates should be reduced from $300 and $310, respectively, to $240, and that Judy Jetelina's $410 rate should be reduced to $360. The Court finds that Ms. White and Ms. Elizondo's rates are reasonable, but that a reasonable rate for Ms. Jetelina's services is the same as Mr. Barrera's: $390.

b. Paralegals

The Plaintiff requests fees for three paralegals, each of whom bill at $200 per hour. The Defendant requests that this rate be reduced to $165 per hour. The Texas Lawyer survey cited by the parties reports that the average rate for senior legal assistants in the Austin/San Antonio market is $144 per hour.

5

Texas Lawyer at 17. The paralegals used by the Defendant's firm bill at $165 dollars per hour. The Court finds that in light of the evidence submitted, the proposed hourly rate of $200 is clearly excessive. Although an hourly rate of $165 is still on the high side, defense counsel finds it acceptable, so the Court will apply it to the paralegal hours in this case.

c. Calculation of Lodestar Amount

Taking into consideration these reductions, the Court finds that the following are reasonable amounts for the services of each professional:

1. Mr. Barrera: 326.49 hours x $390 per hour = $127,331
2. Ms. Valladares: 389.55 hours x $240 per hour = $93,492
3. Ms. Jetelina: .17 hours x $390 per hour = $66.3
4. Ms. White: 2.13 hours x $300 per hour = $639
5. Ms. Elizondo: 10.29 hours x $315 per hour = $3,241
6. Paralegals, Generally: 153.34 hours x $165 per hour = $25,301

Thus the total lodestar amount is $250,070.

III. Adjustment of Lodestar Amount

The Defendant argues that the lodestar amount should be reduced by 25% because six of Plaintiff's seven original claims were dismissed at summary judgment and the jury awarded her substantially less than the million dollars of damages she originally claimed. The Court disagrees. The **Johnson** factors allow the Court to consider the results obtained when that factor was not considered in the original calculation of the

6

lodestar amount. In this case, counsel for the Plaintiff deleted the fees for time spent on dismissed claims, rendering it improper for the Court to consider that factor again here. Therefore, the Court finds that no adjustment to the lodestar amount is necessary.

IV. Expenses

Plaintiff is also entitled to recover her expenses, and she requests $24,315 for her expert witness, $456.26 for travel and $2,685 for the videographer. The Defendant asks the Court to reduce the costs for Plaintiff's expert by 10% because the amount was not reduced to account for the work done on claims that were dismissed from the suit prior to trial. In her response, Plaintiff did not object to the suggested reduction and the Court finds that the reduction is reasonable. Therefore, the Court will award Plaintiff $21,883.50 in expenses for her expert witness. The Defendant did not object to the requested travel and videographer costs; accordingly, the Court finds that they are reasonable.

It is therefore ORDERED that Plaintiff Dr. Lilia Wojcik do have and recover of and from the Defendant, Ameripath San Antonio 501(A) Corporation d/b/a Ameripath South Texas, her reasonable attorneys' fees in the amount of Two Hundred Fifty Thousand and Seventy and no/100 Dollars ($250,070) and non-

taxable costs in the amount of Twenty Five Thousand Twenty Two and 76/100 Dollars ($25,022.76), for all of which let execution issue.

SIGNED AND ENTERED this 16th day of February, 2012.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE